## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leonard D. Bovo | | CHAPTER 13 |
| | Debtor | |
| Toyota Lease Trust | | |
| | Movant | |
| vs. | | NO. 18-10981 ELF |
| Leonard D. Bovo | | |
| | Debtor | |
| William C. Miller Esq. | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,901.82,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 18, 2018 to August 18, 2018 at $466.97/month |
| Suspense Balance: | $433.03 |
| **Total Post-Petition Arrears** | **$1,901.82** |

2.    The Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$500.00;**

b). Beginning on September 18, 2018 and continuing through February 18, 2019, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$466.97** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the eighteenth (18th) day of each month, plus an installment payment of **$233.64 from September 18, 2018 to January 18, 2019 and $233.62** for February 18, 2018 towards the arrearages on or before the last day of each month at the address below;

### TMCC
P.O. Box 5855
Carol Stream, IL 60197-5855

c).    Maintenance of current monthly loan payments to the Movant thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    August 29, 2018                    By: /s/ Kevin G. McDonald, Esquire
                                            Attorney for Movant

Date: 9/5/208                               _____
                                            David B. Spitofsky, Esquire
                                            Attorney for Debtor

Date: 9/10/18                               _____
                                            William C. Miller, Esquire
                                            Chapter 13 Trustee

                                            NO OBJECTION
                                            *without prejudice to any
                                            trustee rights or remedies.

Approved by the Court this _____ day of _____, 2018.  However, the court
retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Eric L. Frank