United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Leonard D. Bovo  
    Debtor

Case No. 18-10981-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2   User: YvetteWD   Page 1 of 1   Date Rcvd: Sep 12, 2018  
                      Form ID: pdf900   Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 14, 2018.  
db         +Leonard D. Bovo,   816 West Ashland Avenue,   Glenolden, PA 19036-1625

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.   TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 12, 2018 at the address(es) listed below:  
      DAVID B. SPITOFSKY   on behalf of Debtor Leonard D. Bovo spitofskybk@verizon.net, spitofskylaw@verizon.net  
      KEVIN G. MCDONALD   on behalf of Creditor   Toyota Lease Trust bkgroup@kmllawgroup.com  
      KEVIN S. FRANKEL   on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper pa-bk@logs.com  
      United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
      WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                              TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leonard D. Bovo <br>           Debtor | | CHAPTER 13 |
| Toyota Lease Trust <br>           Movant <br> vs. | | NO. 18-10981 ELF |
| Leonard D. Bovo <br>           Debtor | | |
| William C. Miller Esq. <br>           Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,901.82**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 18, 2018 to August 18, 2018 at $466.97/month |
| Suspense Balance: | $433.03 |
| **Total Post-Petition Arrears** | **$1,901.82** |

2. The Debtor shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$500.00**;

    b). Beginning on September 18, 2018 and continuing through February 18, 2019, until the arrearages are cured, Debtor shall pay the present regular monthly payment of $466.97 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the eighteenth (18th) day of each month, plus an installment payment of **$233.64 from September 18, 2018 to January 18, 2019 and $233.62** for February 18, 2018 towards the arrearages on or before the last day of each month at the address below;

TMCC<br>
P.O. Box 5855<br>
Carol Stream, IL 60197-5855

    c). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 29, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 9/5/208

David B. Spitofsky, Esquire
Attorney for Debtor

Date: 9/10/18

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

# ORDER

Approved by the Court this 12th day of September, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank